IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Cause No. CR-10-91-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **LEMUEL THOMAS SMALL** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Lemuel Thomas Small is on pretrial release pending trial on an Indictment alleging he is a felon in possession of a firearm. *Doc. 1.* Prior to the instant charge, Defendant was authorized to use and possess marijuana pursuant to Montana's Medical Marijuana Act. Defendant has moved (*Doc. 25*) to modify two conditions of his pretrial release that prohibit him from using marijuana:

   u.   Defendant shall not possess, use, distribute, or administer marijuana or possess a medical marijuana card or prescription;

   v.   Defendant shall surrender his medical marijuana card to U.S. Pretrial Services.

Specifically, Defendant asks the Court to delete these conditions and replace them with the following:

- Defendant shall be permitted to possess a valid medical marijuana card, as allowed by Montana law, provided he continues to meet the qualifications for such possession and use, and he shall also, be allowed to possess no more than six marijuana plants and 1 ounce of usable marijuana each., pursuant to Section 50-46-201(1) and (2), MCA.

- Defendant's use of medical marijuana shall be subject to monitoring by pretrial services, at any time, and Defendant shall allow a reasonable search of his person, residence and vehicles to allow the supervising officer to confirm that Defendant's use and possession of medical marijuana is in full compliance with applicable Montana law, to wit, that a valid card holder shall possess no more than six marijuana plants and 1 ounce of usable marijuana each., pursuant to Section 50-46-201(1) and (2), MCA.

- Defendant's possession and use of medical marijuana is specifically predicated on his specific medical needs and conditions, and thus compassion and tolerance, as well as comity for the applicable law of the State of Montana will be recognized on an individualized basis in this particular case.

Defendant offers several arguments for the relief he requests. They are addressed in turn.

Defendant first argues that 18 U.S.C. § 3142(c)(1)(B) requires that he be released subject to the "least restrictive ... conditions, that ... will reasonably assure the appearance of the person as required and the safety of any other person and the community," and that prohibiting his medicinal use of marijuana is unnecessary to achieve those purposes. Regardless, § 3142(c)(1)(A) mandates that persons on pretrial release be

subject to a condition that they not "commit a Federal, State, or local crime during the period of release" and possession of marijuana, even for medicinal use, is a crime under Federal and Northern Cheyenne law. The fact that the policy of the Attorney General is to not prosecute individuals for medical use of marijuana in compliance with state law is irrelevant, as Defendant is not facing federal prosecution related to his use or possession of marijuana.

Second, Defendant asks this Court, as a matter of comity, to follow the Montana Supreme Court's decision to allow state probationers to use medical marijuana, citing *State of Montana v. Nelson,* 195 P.3d 826 (Mont. 2008). But the principle of comity does not allow this Court to ignore the clear mandate of 18 U.S.C. § 3142(c)(1)(A).

Third, Defendant argues that the conditions prohibiting him from using medicinal marijuana violate his constitutional rights, including his Fifth Amendment right to procedural due process, his substantive due process rights to privacy, and the pursuit of happiness, as well as his Eighth Amendment freedom from cruel and unusual punishment. Similarly, Defendant argues that the release conditions overstep the United States' powers under the Commerce Clause and Ninth and Tenth

Amendments. The right to use marijuana, however, is not a fundamental right and the authority of the United States to prohibit the use of marijuana has already been decided. *Gonzales v. Raich,* 545 U.S. 1 (2005); *Raich v. Gonzales,* 500 F.3d 850 (9th Cir. 2007).

      Finally, Defendant claims that the Court should carve out a special exception for him pursuant to the common law defenses of necessity and justification.  The defense of justification, however, requires the Defendant to prove he was under the "unlawful and present threat of death or serious bodily injury." *United States v. Gomez*, 92 F.3d 770, 775 (9th Cir. 1996).  As noted, the United States may lawfully prevent Defendant from using medicinal marijuana.  With respect to the defense of necessity, it is unavailable where the Legislature has made a determination of values, and Congress has done just that by classifying marijuana as a Class I Controlled Substance without any recognized medicinal use.  *United States v. Oakland Cannabis Buyers' Co-op.,* 532 U.S. 483, 491 (2001) ("a medical necessity exception for marijuana is at odds with the terms of the Controlled Substances Act.").

      For those reasons, **IT IS HEREBY ORDERED** that Defendants motion to modify conditions of pretrial release (*Doc. 25*) is **DENIED.**

The evidentiary hearing scheduled for Wednesday, December 1, 2010, at 11:00 a.m., is **VACATED**.

DATED this 29th day of November, 2010.

/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT JUDGE