IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cause No. CR-10-91-BLG-RFC-02 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | ORDER DENYING |
| ) | DEFENDANTS' MOTION TO |
| LEMUEL THOMAS SMALL, and ) | DISMISS |
| CHRISTINA PILKINGTON SMALL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.    INTRODUCTION**

Defendants are charged with being felons in possession of firearms. *Doc. 1.* Currently before the Court is a motion to dismiss brought by Defendant Lemuel Small, in which Christina Pilkington Small joins. *Doc. 34.* Defendants argue the Indictment must be dismissed because it violates their Second Amendment right to keep and bear arms, their Fifth Amendment right to equal protection under the law, and substantive due process rights embodied in the Fourteenth Amendment. For the following reasons, the motion must be denied.

**II.    ANALYSIS**

First, binding Ninth Circuit precedent holds that the prohibition against the

possession of firearms by convicted felons comports with the Second Amendment. *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); *see also District of Columbia v. Heller,* 554 U.S. 570, 626 (2008) (holding that while the Second Amendment confers an individual right to own firearms, nothing in the opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons").  Simply stated, the rights recently detailed by the Supreme Court in the *Heller* case do not apply to felons.  *Vongxay*, 594 F.3d at 1119.

With respect to Equal Protection, Defendants argument is slightly different than the one rejected by the Ninth Circuit in *Vongxay*, 594 F.3d at 1118-19. Rather than argue that § 922(g)(1) violates his equal protection because the status of "felon" is determined differently from state-to-state, thereby limiting the rights of criminals differently depending on the state in which they live, Defendants argue the statutory scheme draws an irrational distinction between felons convicted of anti-trust and other business crimes, who are not prohibited from possessing firearms, and other non-violent felons, like themselves, who have been convicted of drug crimes, and may not possess firearms.  Defendants further contend that since the right to possess firearms is a fundamental right, strict scrutiny must be applied.

The Ninth Circuit, however, has held that strict scrutiny is inapplicable to

2

felons charged with possessing firearms.  *Vongxay,* 594 F.3d at 1118.  Strict scrutiny being inapplicable, the question is whether there is some rational basis for the statutory distinctions made or whether the distinction has some relevance to the purpose for which the classification is made.  *Vongxay,* 594 F.3d at 1119.  "[T]here is nothing irrational or illogical in Congress's belief that trade offenders would be less likely to misuse a gun than would other criminals such as forgers, drug peddlers, or receivers of stolen property."  *United States v. Meldish*, 722 F.2d 26, 28 (2d Cir.1983), cert. denied, 465 U.S. 1101 (1984).

Finally, although the motion raises substantive due process, no such arguments are contained within Defendants' brief.  Since the time for a reply brief has passed and no reply brief has been filed, Defendants have waived any such arguments.

### III.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (*Doc. 34*) is **DENIED**.

Dated this 3rd day of February, 2011.

                                        */s/ Richard F. Cebull*_____
                                        Richard F. Cebull
                                        United States District Judge