# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Cause No. CR-10-91-BLG-RFC |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING MOTION** |
| | ) | **TO SUPPRESS** |
| **LEMUEL THOMAS SMALL** | ) | |
| Defendant. | ) | |

Defendant Lemuel Small is charged in a one count Indictment with being a felon in possession of various firearms. *Doc. 1*. He has moved the Court to suppress evidence obtained pursuant to a search warrant issued on May 25, 2010. *Doc. 47*. Small argues the search warrant affiant made an intentional and reckless omission concerning the residents of house, and when the omission is included in the affidavit, the affidavit does not support a finding of probable cause for a search warrant, citing *Franks v. Delaware,* 438 U.S. 154 (1978). Because there would

1

have been probable cause that Small illegally possessed ammunition even if the affidavit contained the information Small claims was recklessly or intentionally omitted, Small's motion must be denied without a *Franks* hearing.

In determining whether to issue a search warrant, the magistrate judge was merely required to determine whether, in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates,* 462 U.S. 213, 238 (1983). The affidavit plainly states that (1) Small and his wife, Defendant Christina Pilkington Small, are convicted felons and (2) when Special Agents from the DEA and BIA went to Small's home to serve him with a grand jury subpoena, they saw ammunition lying around in the kitchen. *Doc. 50-1, pp. 8-10.*

Specifically, on May 12, 2010, at 1:10 in the afternoon, Special Agents Tony Larvie of the BIA and Joe Kirkland of the DEA were greeted by Small at his front door. Small told them his wife was the only other person in the house and invited them inside. As the agents were speaking to Small in his kitchen, they observed one box of .41 magnum ammunition and one box of .22 caliber ammunition, as well as loose large caliber ammunition in plain view. During the conversation about the subpoena, Small told the agents that he had not been involved with the target of the grand jury investigation since he went to prison for

marijuana in 2002. The discussion somehow turned to marijuana, when Small became agitated and ordered the agents off his property. The affidavit further states that the next day, the agents learned that both Small and his wife were convicted of felony marijuana offenses in federal court in 2003. Finally, the affidavit also states that the agents learned from Scott Small, a relative of Defendant Small and a BIA police officer, that Small and Pilkington did not have any children and no one else lived in the residence.

Small avers that Officer Scott Small and Agent Larvie should have known that his house is "always open to others in time of need" and that Tammi Jo Mount, who owns many firearms, and her two daughters resided with him and his wife in May of 2010. *Doc. 49, ¶¶ 6-9, 11*. In one paragraph, Small avers that Mount and her daughters resided with him and his wife, but a later paragraph states they lived in separate home on their ranch. *Id. at ¶¶ 8 & 11*. Small further avers that Agent Larvie and Mount were in a relationship and he therefore should have known about Mount. *Id. at ¶ 10*. Finally, Small avers they never locked their home so that family, friends, and ranch hands could access it. *Id. at ¶ 12*.

Since it is assumed that an affidavit in support of a search warrant is valid, before he is entitled to a *Franks* hearing, Small must submit an offer of proof supporting his allegations of deliberate falsehood or of reckless disregard for the

3

truth. *United States v. Chavez-Miranda,* 306 F.3d 973, 979 (9th Cir. 2002). A bare assertion that the omissions were reckless or intentionally misleading falls short of the preponderance of the evidence that *Franks* requires. *Id.* Because Small alleges the search warrant affidavit omitted information, he must also show the omitted information was material to the determination of probable cause. *Id.* In determining materiality, the question is whether an affidavit containing the omitted material would have provided a basis for a finding of probable cause. *Id.*

Here, even if we assume Small has made a sufficient showing of deliberate falsehood or of reckless disregard for the truth, which his bare assertion of recklessness fails to establish, there is no showing of materiality. Small's theory is that if the affidavit would have included information that other people lived at, or had plenary access to, his house, then their affidavit would lack probable cause that Small was a felon in possession of ammunition. Regardless, since possession may be sole or joint, and actual or constructive, Small's own possession of the ammunition is not excluded by the fact that the ammunition may have belonged to others. The affidavit plainly states that ammunition was lying in plain view in Small's kitchen and that Small and his wife are convicted felons. Even if the ammunition was owned by another, that is sufficient for a finding of probable cause.

For those reasons, **IT IS HEREBY ORDERED** that Small's Motion to Suppress (*Doc. 47*) is DENIED.

Dated this 11th day of April, 2011.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
United States District Judge